# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

CASE NO.: 2:12-CR-150 (1)
JUDGE GEORGE SMITH
MAGISTRATE JUDGE VASCURA

**CHEZSIRRAY OWENSBY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This matter was referred the Magistrate Judge to hold a final supervised release revocation hearing. (ECF No. 166). On August 28, 2019, Defendant, represented by counsel, appeared at the hearing. The Assistant United States Attorney and the United States Probation Officer were also present. For the reasons that follow, it is recommended that Defendant's supervised release be revoked and that he be sentenced to a total term of thirty-six (36) months imprisonment. A term of supervised release is not recommended.

Defendant Chezsirray Owensby was originally sentenced by this Court to a total of 84 months imprisonment and five years supervised release for conspiracy to possess with intent to distribute 28 grams or more of cocaine base and possession with intent to distribute cocaine. Defendant has been on supervised release since July 3, 2017.

The Supervised Release Violation Report (ECF No. 156) ("the Report") alleges that Defendant has a complete disregard for abiding by the conditions of his supervision. He has incurred very serious drug convictions in state court. To his credit, Defendant has maintained employment at Big Sandy Furniture warehouse, and he has tested negative for the use of illicit drugs.

The Report alleges that Defendant violated the following Mandatory Conditions of Supervised Release: "Defendant shall not commit another federal, state, or local crime" and "Defendant shall not possess a firearm, ammunition, or destructive device, or any other dangerous weapon." The Report also alleges Defendant violated Standard Condition No. 7, that "Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." On August 21, 2019, Defendant was convicted in the Franklin County Common Pleas Court of three felony counts, including possession of cocaine, possession of fentanyl-related compound, and weapons under disability and sentenced to a total of 15 years incarceration and 5 years community control.

The Report further alleges that Defendant violated Standard Condition No. 6, that "Defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment." Defendant reported to his probation officer that he resided with his girlfriend at her Fleet Road address, but he failed to disclose that he was also residing at 3986 Waderidge Trail, Groverport, Ohio where he was storing drugs, cash, and firearms.

Based upon these allegations, a warrant for Defendant's arrest was issued on May 1, 2019, and he was arrested on May 23, 2019. (ECF Nos. 157 and 164). A detention hearing and preliminary hearing were held on May 30, 2019. Defendant was ordered detained pending the final revocation hearing. (ECF No. 163). At the final revocation hearing, Defendant stipulated to the fact that he violated the aforementioned conditions of supervised release: two of the Mandatory Conditions and Standard Condition Nos. 6 and 7.

The Probation Officer has classified the aforementioned violations as Grade A violations, and based on Defendant's Criminal History Category of IV, the advisory guideline range for Defendant's Violations is 24-30 months on Counts 1 and 2. Both parties were in agreement that

the aforementioned violations constituted Grade A violations.

At the hearing, the Government requested a total sentence of 24 months on the violations, whereas the Defendant requested a total sentence of 36 months, the statutory maximum. However, this is a distinction without a difference because the Defendant's state-court sentence was ordered to run concurrent to any federal sentence such that the combined sentence will not exceed 15 years. Defendant was given an opportunity to speak on his behalf, but declined. At the conclusion of the hearing, the Court advised Defendant of his appellate rights and of his right to object to the recommended sentence.

The undersigned finds that the statutory maximum sentence on Count I of 36 months imprisonment is reasonable and justified based on the serious nature of Defendant's violations. The sentence also reflects the fact that he will be serving a total of 15 years imprisonment and 5 years community control on his state-court sentence for the same conduct—thus, a strong sentence with no further term of supervision is justified. Accordingly, it is **RECOMMENDED** that Defendant's term supervised release be revoked and that Defendant be sentenced to a term of imprisonment of thirty-six (36) months on Count I and twenty-four (24) months on Count II, to run concurrently with each other and consecutive to the state-court sentence. No further term of supervision is recommended.

<h3 style="text-align:center"><u>Procedure on Objections</u></h3>

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

DATE:  August 28, 2019         *s/ Chelsey M. Vascura*
**CHELSEY M. VASCURA**
**UNITED STATES MAGISTRATE JUDGE**